*Wayne Circuit.*

## ESTATE OF DENIS J. CAMPAU.

### APPEAL FROM PROBATE COURT.

*Probate Practice—Appointment of Administrator.*

Application by the widow or next of kin for letters of administration after the lapse of thirty days from the death of decedent, stands on the same footing as similar applications by creditors of the estate.

The facts sufficiently appear in the opinion of the court.

REILLY, J.: The learned counsel who presented this matter to the court submitted a number of questions which I do not feel called upon to decide, in view of my construction of this statute.

The action of the Probate Judge was taken under the following section of the compiled laws: "Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same, in the following order:

"1. The widow or next of kin, or both, as the Judge of Probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust.

"2. If the widow or next of kin, or the person selected by them shall be unsuitable or incompetent, or if the widow or next of kin shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it."

Within thirty days after the death of Denis J. Campau, Catherine D. C. Palms, a sister of the deceased, applied to the Probate Court for the appointment of Charles B. Lothrop, and upon that application the usual order was made.

Upon the day set for the hearing of the application, petitions were filed for the appointment of Daniel J. Campau, jr., as administrator, but this was after the lapse of thirty days from the death of the deceased.

I am inclined to think that under this statute preference is given to the widow or next of kin in the first instance; that after the lapse of the thirty days within which they may apply, they stand upon the same footing that creditors of the estate do, and application having been made by the next of kin within thirty days for the appointment of an administrator, it is the

duty of the court to appoint such person, if he is a suitable and proper person to discharge that trust.

Before the court can overlook the application made by the next of kin within thirty days, he must determine that the party sought to be appointed is not a suitable or competent person.

In this case, Mr. Lothrop being the only person that the next of kin asked to have appointed within the thirty days, it was the duty of the Probate Court, and it is the duty of this court to appoint him, unless the court comes to the conclusion that he is not a suitable and competent person.

I think Mr. Lothrop is a suitable and competent person, and the appointment made by the Probate Court must be affirmed.

If the application for the appointment of Daniel J. Campau had been made by the next of kin within the thirty days prescribed by this statute within which the next of kin may apply, it would be the duty of the court to determine which one should be appointed, but as this matter is presented now, I do not think that there is any discretion in the court as to the appointment.

I must follow the plain language of the statute, which is that the widow, or next of kin, or any person recommended by the next of kin, within the thirty days, must be appointed administrator, if a suitable person, and if not suitable, some one requested by those having the right to apply after the thirty days.

If this is not the proper constructtion of the statute I do not see the use of the second clause in the section which I read, that, if the widow or next of kin shall neglect for thirty days after the death of the intestate to apply for administration, it shall be granted to some other person.

I do not think that a creditor can apply for administration on an estate until after the lapse of thirty days after the death of an intestate, the widow or next of kin having the absolute right to apply for administration within this time.

This course was pursued in this matter, and as I have already stated, I think that the action of the Probate Court in appointing Charles B. Lothrop must be affirmed.

(November 26, 1878.)

*Moore & Moore* and *Theodore Romeyn* for Appellant.

*M. Firnane, C. A. Kent* and *Geo. V. N. Lothrop* for Appellee.